UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )    Cr. No. 16-060-02 S
     v.                             )
                                    )
JOSE AMPARO NOVA,                   )
          Defendant.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before this Court is Defendant Jose Luis Amparo Nova's Appeal of Magistrate Judge Patricia A. Sullivan's oral Order from June 29, 2016, in which she denied Defendant's request for release on bail under the Bail Reform Act, 18 U.S.C. § 3142. (See Def's Mot. for Recons. of Release, ECF No. 16; June 29, 2016 Text Order.) For the reasons set forth below, Nova's Motion is DENIED.

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted); see also Fed. R. Crim. P. 59(a); United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) ("A district court reviews the magistrate judge's order [regarding pre-trial detention] de novo

and need not defer to the magistrate judge's findings or give specific reasons for rejecting them.")(citations omitted).

Pre-trial detention is appropriate when the government presents clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community . . . ." United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990); see also 18 U.S.C. § 3142(e). Moreover, where there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act for which he may receive a sentence of ten or more years, the statute "sets forth a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the accused and the safety of the community . . . ." Cidraz-Santiago, 18 F. Supp. 3d at 126 (citations omitted). "[A] grand jury indictment is sufficient to establish probable cause for purposes of triggering the rebuttable presumptions in section 3142(e)." United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986).

In assessing whether there is any combination of conditions that will reasonably assure the defendant's appearance and the safety of the community, the court must consider "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt or innocence; (3) the history and characteristics of the accused, including past conduct; and (4)

2

the nature and gravity of the danger posed by the person's release." Tortora, 922 F.2d at 884; see also 18 U.S.C. 3142(g). Even if it is rebutted, the statutory presumption remains a permissible consideration alongside the other 3142(g) factors in assessing whether the defendant poses a flight risk or a danger to the community. United States v. Gomez, No. CR. 1:05-M-113A, RR.1:05-M-114A, 2005 WL 2250852, at *2 (D.R.I. Sept. 15, 2005) (citing United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)).

Here, a grand jury returned an Indictment against Nova charging him with violations of the Controlled Substances Act. (See Indictment, ECF No. 14.) Specifically, Nova has been charged with Possession with Intent to Distribute One Kilogram or More of Heroin, and Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin. (Id. at 1-2.) Thus the 3142(e) rebuttable presumption applies. Nova contends that he has presented evidence to rebut the presumption and therefore should be released on his personal recognizance. The Court disagrees.

First, Nova argues that his post-release employment prospects, his family ties to the United States, and his offer to use his wife's house as surety provide adequate assurance that he is not a flight risk and that he will appear at trial. However, the record shows that Nova has been married for a very short period of time and that he has no meaningful interest in the house offered

3

as collateral.  The government has presented evidence that the house is owned, paid for, and maintained by his wife, and that Nova has not invested any significant time or money into the property.  Thus, there is no evidence that Nova has a personal stake in protecting the property and, therefore, posting the home as collateral cannot assure his appearance at trial.  Similarly, it appears that Nova's job history is intermittent and insubstantial and, therefore, the promise of similarly sporadic employment upon release does not provide any meaningful anchor to the community or the area.  Additionally, the record indicates that Nova has strong family ties in both the United States and the Dominican Republic; these ties balance each other out and this Court does not find one family connection more compelling than the other.  However, the government has submitted evidence that Nova's legal status in the United States is uncertain and, in light of Nova's family connections in the Dominican Republic, Nova's uncertain legal status and these pending criminal charges may provide him with a motivation to flee to the Dominican Republic upon his release.

In sum, the assurances that normally accompany post-release employment prospects, family ties to the area, and the posting of one's home as bail are not present in this case.  The facts of this case and the arguments Nova has made are not sufficient to reassure the Court that any conditions of release will guarantee

4

Nova's appearance at trial. Therefore, the Court concludes that the government has proven by clear and convincing evidence that Nova poses a flight risk.

Nova has not proffered any evidence to rebut the presumption that he poses a danger to the community upon release, and misstates the law by suggesting that such risk of danger implies only a risk of violent crime. It is well-established that "[d]anger [as it is used in the statute] was not meant to refer only to the risk of physical violence." Tortora, 922 F.2d at 884 (citation omitted); see also United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) ("[T]he harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'"). However, Nova contends that the prospect of home confinement and electronic monitoring will reasonably assure the safety of the community upon his release, and therefore he has rebutted the statutory presumption in favor of pre-trial detention. The Court disagrees.

In assessing Nova's danger to the community, the Court considers the following: the weight of the evidence supporting the government's allegations, specifically the fact that the criminal complaint included transcripts of wiretap communications pertaining to Nova's role in the drug trafficking conspiracy; that the crime charged involves substantial quantities of heroin; that Nova's alleged role in the conspiracy appears to be significant; and that a considerable amount of the evidence against Nova was

5

confiscated from the home to which he would presumably be confined upon release.

While the use of electronic monitoring may mitigate the risk of flight, it does nothing to mitigate the danger Nova poses to the community, particularly given the allegations and supporting evidence that Nova participated in a large-scale heroin-trafficking scheme <u>from his home</u>. Notably, much of the evidence the government included in its complaint was collected from the home to which Nova would presumably be confined upon release. This suggests that confinement to the house would be ineffective to curtail the alleged drug trafficking activity that poses a danger to the community. Therefore, this Court finds that the government has presented clear and convincing evidence that there exists no combination of conditions that can reasonably assure the safety of the community in the event of Nova's pre-trial release.

In his Final Memorandum in Support of Release, Nova reiterates all of these arguments and additionally argues that bail is appropriate in light of the fact that his father-in-law recently died and his mother-law-lives with his wife in the same house that Nova has offered as collateral for his bail. (ECF No. 33.) These facts neither serve as conditions of release that are likely to assure Nova's appearance at trial or the safety of the community, nor do they inform this Court's assessment of the 3142(g) factors.

Thus, these additional facts are not relevant to the determination of whether pre-trial detention is appropriate in this case.

For the foregoing reasons, the Defendant's appeal of Magistrate Judge Sullivan's order is DENIED.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date:  November 1, 2016